KAREN P. HEWITT
United States Attorney
ALESSANDRA P. SERANO
Assistant U.S. Attorney
California State Bar No. 204796
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101
Telephone: (619) 557-7084
Facsimile: (619) 557-7381
Email: alessandra.p.serano@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No.    08CR0374-W |
| | ) | |
| Plaintiff, | ) | DATE:        March 3, 2008 |
| | ) | TIME:        2:00 p.m. |
| v. | ) | |
| | ) | UNITED STATES' RESPONSE AND |
| MIGUEL VEGA, | ) | OPPOSITION TO DEFENDANT'S |
| | ) | MOTIONS TO: |
| Defendant. | ) | |
| | ) | |
| | ) | (1)    COMPEL DISCOVERY AND |
| | ) | |
| | ) | (2)    GRANT LEAVE TO FILE |
| | ) |     FURTHER MOTIONS |
| | ) | |
| | ) | TOGETHER WITH MEMORANDUM OF |
| | ) | POINTS AND AUTHORITIES, |
| | ) | STATEMENT OF FACTS AND MOTION |
| | ) | FOR RECIPROCAL DISCOVERY |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Alessandra P. Serano, Assistant United States Attorney, and hereby files its Response and Opposition to Defendant Miguel Vega's ("Defendant") Motions and will ask this Court to issue an order denying the Defendant's Motions and granting the United States' Motion.

1

# I

2

## STATEMENT OF THE CASE

3      On February 13, 2008, a federal grand jury returned a single count indictment charging

4 the Defendant with possession of marijuana with the intent to distribute.

5

6

# II

7

## STATEMENT OF FACTS

8      On November 29, 2007 at approximately 6:15 p.m., Miguel Vega ("Defendant") drove

9 a 1997 green Chrysler Town and Country minivan into the San Clemente Checkpoint located

10 on the northbound I-5.  The checkpoint was operable with all lights and signs visible.  United

11 States Border Patrol agents motioned Defendant forward.  An agent asked Defendant who

12 owned the vehicle.  Defendant said his cousin did.  Thereafter, Defendant accelerated

13 northbound, running the checkpoint.  Agents followed with lights and sirens active on their

14 vehicles, but soon stopped pursuit due to the high rate of speed Defendant was traveling.

15 Defendant later exited the vehicle on the Basilone Road exit and sped through the Basilone

16 Gate entrance to Camp Pendleton, a U.S. Marine Base.

17      Soon thereafter, military police located the vehicle near the San Onofre housing facility

18 on Camp Pendleton.  NCIS agents seized the abandoned vehicle and discovered nine trash bags

19 with 26 packages containing a green leafy substance.  The substance field tested positive for

20 marijuana.

21      On November 30, 2007, at approximately 1:00 p.m., military police detained Defendant

22 at a Burger King restaurant on Camp Pendleton wearing ripped clothing and visibly bleeding.

23 Military police asked for identification that permitted him to be on base and he could not

24 provide any.  Defendant was transported to NCIS offices for further processing.

25      NCIS Agents Martin and Timmons advised the Defendant of his Miranda rights in

26 English, which he acknowledged and waived and signed a written waiver.  Defendant stated

27

28

1  that he knew there was marijuana in the vehicle, acknowledged running the checkpoint and the

2  military gate and was to be paid $1000 to transport the narcotics.  Defendant further signed a

3  written statement with this information.

4                                                       II

5                                              ARGUMENT

6        A.      Discovery

7        To date, the Government has delivered 88 pages of discovery.  The Government

8  recognizes and acknowledges its obligation pursuant to Brady v. Maryland, 373 U.S. 83

9  (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure.  The

10 Government has complied and will continue to comply with its discovery obligations going

11 forward.  To date, the Government has received no reciprocal discovery.

12       As to exculpatory information, the United States is aware of its obligations under Brady

13 v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and will

14 comply.  The United States will also produce any evidence of bias/motive, impeachment or

15 criminal investigation of any of its witnesses of which it becomes aware.  An inquiry pursuant

16 to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

17       The United States will provide a list of witnesses in its trial memorandum.  The grand

18 jury transcript of any person who will testify at trial will also be produced.

19       The United States has provided information within its possession or control pertaining

20 to the prior criminal history of Defendant.  If the Government intends to offer any evidence

21 under Rule 404(b) of the Federal Rules of Evidence, it will provide notice promptly to the

22 Defendant.

23       The United States will produce any reports of experts that it intends to use in its case-

24 in-chief at trial or such reports as may be material to the preparation of the defense.  In view of

25 the above-stated position of the United States concerning discovery, it is respectfully requested

26 that no orders compelling specific discovery by the United States be made at this time.

27

28                                                       3                          08CR0374-W

**B.    Leave to File Further Motions**

The Government does not oppose Defendant's request to file further motions if based on newly produced discovery.

## III

## UNITED STATES' MOTIONS

**A.    Government's Motion for Reciprocal Discovery**

### 1.    Rule 16(b)

Defendant has invoked Federal Rule of Criminal Procedure 16(a) in his motion for discovery and the Government has already voluntarily complied with the requirements of Federal Rule of Criminal Procedure 16(a).  Therefore, Rule 16(b) should presently be determined to be operable as to Defendant.

The Government, pursuant to Rule 16(b), hereby requests that Defendant permit the Government to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody, or control of Defendant and which she intends to introduce as evidence in her case-in-chief at trial.  The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which she intends to introduce as evidence-in-chief at the trial or which were prepared by a witness whom Defendant intends to call as a witness.  The Government also requests that the Court make such orders as it deems necessary under Rule 16(d)(l) and (2) to insure that the Government receives the discovery to which it is entitled.

### 2.    Rule 26.2

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses, except any statement of Defendant.  The rule provides for the reciprocal production of Jencks statements.  The time frame established by the rule requires the statement

4                                08CR0374-W

1   to be provided after the witness has testified, as in the Jencks Act.  Therefore, the Government

2   hereby requests that Defendant be ordered to supply all prior statements of defense witnesses

3   by a reasonable date before trial to be set by the Court.  This order should include any form

4   these statements are memorialized in, including, but not limited to, tape recordings,

5   handwritten or typed notes, and/or reports.

6

7                                             **IV**

8                                      **CONCLUSION**

9        For the above stated reasons, the Government respectfully requests that Defendant's

10  motions be denied, and the Court grant the United States' motion.

11       DATED:        February 22, 2008.

12                                                     Respectfully Submitted,

13                                                     KAREN P. HEWITT
                                                       United States Attorney

14

15                                                     s/Alessandra P. Serano
                                                       ALESSANDRA P. SERANO
16                                                     Assistant United States Attorney

17

18

19

20

21

22

23

24

25

26

27
                                               5                           08CR0374-W
28

| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | SOUTHERN DISTRICT OF CALIFORNIA |

3  UNITED STATES OF AMERICA,            )          Case No. 08CR0374-W
                                       )
4          Plaintiff,                  )
                                       )
5          v.                          )
                                       )          CERTIFICATE OF SERVICE
6  MIGUEL VEGA,                         )
                                       )
7          Defendant.                  )
                                       )

8  IT IS HEREBY CERTIFIED THAT:

9
10         I, ALESSANDRA P. SERANO, am a citizen of the United States and am at least
   eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego,
   California 92101-8893.

11
12         I am not a party to the above-entitled action.  I have caused service of United States'
   Response and Opposition to Defendant's Motions on the following parties by electronically
13 filing the foregoing with the Clerk of the District Court using its ECF System, which
   electronically notifies them.

14         Timothy Garrison, Esq.
           Federal Defenders of San Diego, Inc.
15

16         I declare under penalty of perjury that the foregoing is true and correct.

17         Executed on February 22, 2008.

18                                      s/Alessandra P. Serano
19                                      ALESSANDRA P. SERANO

20
21
22
23
24
25
26
27
28